IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL ALLEN**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **EXPERIAN INFORMATION** | ) |
| **SOLUTIONS, INC.,** | )  Civil No. **04-817-WDS** |
| **EQUIFAX INFORMATION** | ) |
| **SERVICES, LLC,** | ) |
| **CSC CREDIT SERVICES, INC., and** | ) |
| **KROLL FACTUAL DATA** | ) |
| **CORPORATION,** | ) |
| | ) |
| Defendants. | ) |

**ORDER**

**PROUD, Magistrate Judge:**

Before the Court is defendant CSC's Motion to Overrule Objections and Compel Complete Discovery Responses. **(Doc. 45)**. Plaintiff filed a Response **(Doc. 46)** and defendant filed a Reply **(Doc. 47)**.

At issue are defendant's interrogatories and requests for production, which were served on plaintiff on March 4, 2005. Plaintiff filed objections to some of the discovery requests, but has not answered any of the interrogatories nor produced any documents.

**Interrogatories**

**Fed.R.Civ.P. 33(b)(1)** requires that each interrogatory be answered separately, "unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable." **Rule 33(b)(4)** requires that objections "shall be stated with specificity." Further, that Rule provides that "Any ground not

1

stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown." **Rule 33(b)(4)**. Compliance with the Federal Rules of Civil Procedure is mandatory.

Defendant served 23 interrogatories. Plaintiff objected to only 7 of them: numbers 8, 12, 15, 16, 18, 20, and 21. In his Response, Plaintiff seeks to excuse his failure to answer the questions to which he did not object by suggesting that a "whole set" of interrogatories can be objectionable. In support of that point, he cites an unpublished district court case from the Eastern District of North Carolina. That observation is beside the point, as is his characterization of the interrogatories as "sinister." **Doc. 46, pp. 4-5.** Plaintiff did not object to the "whole set" of questions. He was required to answer the questions to which he did not object within 30 days after they were served. His failure to do so is unjustified.

Plaintiff discusses interrogatories numbers 4, 5, 7, 8, 15, 16, 17, and 20 in his Response. However, he did not object to numbers 4, 5, 7, or 17, and he has made no showing that there was good cause for his failure. Therefore, any objection to those four questions is waived, and the Court will not consider his arguments with respect to those interrogatories. **Rule 33(b)(4)**.

The objections which plaintiff did make are general and nonspecific, in violation of Rule 33(b)(4). Such general, nonspecific objections are insufficient. ***U.S. v. 58.16 Acres of Land*, 66 F.R.D. 570, 572-573 (D.C. Ill., 1975)**. "General objections may result in waiver of the objections." ***In re Folding Carton Antitrust Litigation*, 83 F.R.D. 260, 265 (D.C.Ill., 1979)**.

This is an action under the Fair Credit Reporting Act, **15 U.S.C. §1681, et seq**. Plaintiff alleges that defendant is a credit reporting agency which listed on his credit report an obsolete item, an account with CBUSA SEARS that reflected payment as "bankruptcy." He alleges that

the account should not have been listed as it was discharged in bankruptcy prior to August, 1994. Plaintiff claims that the adverse and false credit report damaged his credit standing and caused him to "sustain denials of credit" with resulting emotional distress, inconvenience, and economic damage.

Interrogatory number 8 seeks information about plaintiff's attempts to obtain credit for the last seven years. Plaintiff objects that it is overbroad, not likely to lead to discoverable information, and burdensome and oppressive. On the contrary, as plaintiff claims that he has been turned down for credit because of the bad report, his history of credit applications and the results thereof are relevant. The question is reasonably limited in terms of time. The objection is overruled.

Interrogatory 12 seeks the identity of any person from whom plaintiff has sought or received treatment or counseling related to his mental health. Plaintiff's only objection is that the interrogatory is "overbroad calling for information over 57 years." **(Exhibit D, Doc. 45)**. The Complaint alleges that plaintiff suffered emotional distress. In his Response, plaintiff states that his emotional distress was severe because he suffers from "pre-existing Post Traumatic Stress disorder from Viet Nam." **See, Doc. 46, p. 1**. Thus, he has placed his mental health in issue. In his responses to defendant's requests to admit, plaintiff admits that the Department of Veterans Affairs classified him as 100% disabled due to post traumatic stress disorder resulting from events which occurred during his military service. **See, Doc. 41.**

The Court agrees that the interrogatory is overbroad in that is seeks information for the entire span of plaintiff's life. The Court will limit the scope of interrogatory number 12 to the period of time from plaintiff's first treatment for post traumatic stress disorder to the present.

Interrogatory number 15 requests information about all other lawsuits to which plaintiff has been a party. Plaintiff's objection is that the question is overbroad and burdensome and oppressive, in that it asks for "useless detail" such as the amount in controversy in each case. On the contrary, information such as the amount in controversy may be useful in determining whether further follow-up inquiry is merited, i.e., if plaintiff answers that he was involved in a lawsuit with a very small amount in controversy, defendant may well decide to forego further investigation regarding that litigation. The objection is overruled.

Plaintiff makes the same, somewhat garbled, objection to interrogatories numbers 16, 18, 20 and 21. His objection is that these interrogatories are "overbroad calling for information that would require much time to prepare that will not lead to admissible evidence and is burdensome and oppressive."

Interrogatory 16 seeks information about any instance in which plaintiff has been delinquent or has defaulted on an installment contract, debt, or other obligation. Number 18 asks for a list of all items of credit that plaintiff has had for the last 7 years. Number 20 asks plaintiff to describe any attempts to alter the terms of his credit obligations, including bankruptcy, delayed or deferred payments, debt forgiveness, reduction in payments, extensions, or interest rate changes. Number 21 asks for information about plaintiff's employment for the last ten years.

These interrogatories are reasonably related to plaintiff's credit standing. Plaintiff alleges that defendant's actions damaged his credit standing and caused him to be denied credit. The interrogatories appear likely to lead to the discovery of admissible evidence. While it will require some amount of time to answer the questions, the burden of preparing the answers does

not outweigh defendant's need for the information. The objections to interrogatories numbers 16, 18, 20, and 21 are overruled, except that plaintiff shall answer number 16 limited to the last ten years.

### Requests for Production

**Rule 34(b)** requires that, if a request for production is objected to, "the reasons for the objection shall be stated." Plaintiff's objections are attached to **Doc. 45** as exhibit C. He first objects to the requests as a whole because of their number (53), and then sets forth two "objections," which are really not objections but are mere recitations (without attribution) of clauses from **Rule 26(b)(2)**. Plaintiff states that the discovery sought is "unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive" and "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues."

Plaintiff makes very little attempt to relate these clauses from **Rule 26(b)(2)** to the circumstances of this case. He says that defendant seeks "countless documents having little to do with this case" but he leaves it to the Court to guess which documents he is referring to. "General objections may result in waiver of the objections." ***In re Folding Carton Antitrust Litigation*, 83 F.R.D. 260, 265 (D.C.Ill., 1979)**.

Despite the inadequacy of plaintiff's objections, the Court has reviewed the requests for production and finds that the following are overbroad and seek information that is not reasonably calculated to lead to the discovery of admissible evidence:

- number 21, all pleadings and discovery from all lawsuits to which plaintiff has been a party;
- number 32, all documents relating to any credit card account for the last 7 years;
- number 33, all documents relating to bankruptcy proceedings;
- number 34, all documents relating to any credit account involved in plaintiff's bankruptcy;
- number 35, all documents relating to plaintiff's personal finances from 1994 to 2004;
- number 36, all documents relating to plaintiff's income from 1994 to 2004;
- number 37, all documents referring to plaintiff's personal assets and liabilities from 1994 to 2004;
- number 47, all of plaintiff's medical records;
- number 53, all documents relating to plaintiff's military service.

The Court orders that plaintiff need not produce the documents requested in the above-listed requests. Defendant is free to revise the requests to appropriately narrow the scope.

### Initial Disclosures

Defendant states that plaintiff has filed to provide a computation of his damages as required by **Rule 26(a)(1)(C)**. Plaintiff does not dispute this statement in his Response.

### Conclusion

Discovery in this Court takes place pursuant to the Federal Rules of Civil Procedure. The Court will enforce those Rules. Counsel for both parties are admonished that they must follows those Rules.

Plaintiff's objections and response to the motion to compel left much to be desired. The Court would have been justified in holding that all of plaintiff's objections were waived. In the future, the Court will not do plaintiff's counsel's work for him. Likewise, some of defendant's discovery requests were obviously improper. Counsel should take care to draft discovery requests that do not overreach the scope of discovery as defined in Rule 26.

Upon consideration and for good cause shown, defendant CSC's Motion to Overrule Objections and Compel Complete Discovery Responses **(Doc. 45)** is **GRANTED in part and DENIED in part as follows:**

Plaintiff's objections to defendant's interrogatories are overruled, except that his objections to numbers 12 and 16 are sustained in part. Plaintiff shall answer number 12 only as to the period of time since his first treatment for post traumatic stress disorder to the present. Plaintiff shall answer number 16 limited to the last ten years.

Plaintiff shall produce the documents requested by defendant, except that plaintiff need not produce the documents requested in numbers 21, 32, 33, 34, 35, 36, 37, 47, and 53.

Plaintiff shall supplement his initial disclosures to include a computation of damages as required by **Rule 26(a)(1)(C)**.

Plaintiff shall respond to defendant's discovery requests as directed above on or before **August 29, 2005.**

**IT IS SO ORDERED.**

**DATE:  August 18, 2005.**

s/ Clifford J. Proud
**CLIFFORD J. PROUD
UNITED STATES MAGISTRATE JUDGE**
