## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL ALLEN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **CIVIL NO. 04-817-WDS** |
| | ) |
| **EXPERIAN INFORMATION** | ) |
| **SOLUTIONS, INC., EQUIFAX** | ) |
| **INFORMATION SERVICES, LLC., and** | ) |
| **KROLL FACTUAL DATA** | ) |
| **CORPORATION,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

This matter is before the Court on two motions for summary judgment filed by Equifax

Information Services (Doc. 62), and Experian Information Solutions (Doc. 66).   Plaintiff has

now settled his claim with Equifax (*see* Docs.  72, 77); however,  Kroll Factual Data Corporation

filed a motion to join in the motions for summary judgment filed by its co-defendants Equifax

and Experian.  Therefore, even though Equifax has been dismissed from the action, the motion

for summary judgment remains pending as it applies to defendant Kroll's claims and will be

considered by the Court.

## BACKGROUND

Plaintiff filed an amended complaint  (Doc. 54) against Equifax Credit Information

("Equifax"), Experian Information Solutions ("Experian") and Kroll Factual Data Corporation

("Kroll") alleging violation of the Fair Credit Reporting Act, Section 15 U.S.C. 1681 *et*

*seq.*("FCRA").   The amended complaint alleges that plainitff had a $50,000 line of credit from

Farmers State Bank.  Plaintiff applied for a loan from Farmers State Bank on August 25, 2004,

seeking an additional $50,000 line of credit to be consolidated into one $100,000 line of credit.

This loan was denied.  Plaintiff asked Patricia Goetten, a loan officer at Farmers State Bank to

check and see if he could acquire, when his home remodeling was complete, a fixed rate loan of

$197,000 which would effectively consolidate his home mortgage as well as his line of credit

loans into one fixed rate loan. This loan was also denied. Plaintiff learned that a likely reason for

the denial was because his credit report contained an account line reading CBUSASEARS,

bankruptcy.  Plaintiff contacted the three major credit reporting agencies as well as Kroll, who

had compiled the three reports into one "tri-merge report."

Plaintiff then reapplied for a fixed rate loan on September 25, 2004. Again, the loan was

denied.  Plaintiff alleges this loan was denied because a new tri-merge report generated by Kroll

contained an inaccurate report which signaled a "Caution," resulting in denial of the loan.

According to plaintiff, this caution was generated because the past bankruptcy was again

inaccurately reported by Experian after the plaintiff had notified Experian of the inaccuracy.

Plaintiff also contends that Kroll, after discovering in its own investigation that the bankruptcy

report was in error, negligently re-reported the bankruptcy on the subsequent tri-merge report.

Plaintiff asserts that the denial of credit constituted economic damage and that in

addition, he was damaged emotionally, suffering extreme emotional distress, including physical

symptoms of loss of sleep, headaches, a nervous stomach and various other difficulties.

Plaintiff alleges in Count I that Experian and Kroll violated the FCRA by: reporting

inaccurate information; failing to have reasonable procedures to insure accuracy; and failing to

conduct a reasonable investigation after plaintiff made written disputes about the report.  In

Count II plaintiff alleges that the violations were willful and have resulted in denial of credit to him.

## SUMMARY JUDGMENT STANDARDS

Summary judgment is properly granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Material facts are those that "might affect the outcome of the suit" under applicable substantive law. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The Court views the facts in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). Experian and Kroll have the burden of showing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. However, plaintiff retains the burden of producing enough evidence to support a reasonable jury verdict in her favor. *See Anderson,* 477 U.S. at 256. "[A] party who bears the burden of proof on a particular issue may not rest on its pleading, but must affirmatively demonstrate, by specific factual allegations, that there is a *genuine* issue of material fact which requires trial." *Beard v. Whitley County REMC,* 840 F.2d 405, 410 (7th Cir. 1988) (emphasis in original). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson,* 477 U.S. at 247-248 (emphasis in original).

## DISCUSSION

A credit reporting agency "is not automatically liable even if the consumer proves that the

agency prepared an inaccurate report because the FCRA does not make reporting agencies strictly liable for all inaccuracies." *Sarver v. Experian Info. Solutions, Inc.,* 390 F.3d 969, 971 (7th Cir. 2004). The "reasonableness of a reporting agency's procedures is normally a question for trial unless the reasonableness or unreasonableness of the procedures is beyond questions." *Id.*

Therefore, to avoid the motions for summary judgment,  the plaintiff must produce enough evidence to create a genuine issue of material fact with regard to each element of his claim. To establish a violation of 15 U.S.C. § 1681e(b), plaintiff must show: inaccurate information was included in plaintiff's credit report; the inaccuracy was due to the defendants' failure to follow reasonable procedures; the plaintiff suffered actual damages; and the plaintiff's damages were caused by the inclusion of the inaccurate entry.  *See*, *Sarver v. Experian Info. Solutions, Inc.,* 299 F. Supp. 2d 875, 876 (N.D. Ill. 2004):

With respect to damages, the Seventh Circuit has "maintained a strict standard for a finding of emotional damage because they are so easy to manufacture." *Id.* Thus the requirement in this circuit is that there must be more than mere statements or conclusions by the plaintiff to support a claim for emotional damages. *Id.*   For punitive damages to be appropriate, the defendants must be shown to have acted  willfully. "To act willfully, a defendant must knowingly and intentionally violate the FCRA, and [the defendant] must also be conscious that its act impinges on the rights of others." *Wantz v. Experian Info. Solutions,* 386 F.3d 829, 834 (7th Cir. 2004).

## ANALYSIS

1.      Count I Claims – Negligent Violations of the Fair Credit Reporting Act

The record provides sufficient evidence in support of plaintiff's claim that inaccurate information was contained in his credit report, and that the remaining defendants, Kroll and Experian, had notice of the incorrect information but did not correct the report.

Dennis Littlejohn, representing Kroll, stated in his deposition that Kroll concluded that the information on plaintiff's account with Sears was reported in error. Littlejohn acknowledged that after the error was discovered by Kroll, it was, nonetheless, again placed on plaintiff's credit report. (Doc. 70-9 at 6.) Similarly, the report generated by Experian contains a credit line for the CBUSASEAR account which indicates the account was related to the plaintiff's 1997 bankruptcy. (Doc. 70-4, Ex. B at 5.) The record reveals that no such bankruptcy occurred, and that the reporting error occurred after Experian investigated the plaintiff's account.

Similarly, plaintiff has established that questions of material fact exist as to his claim that defendants' procedures were not reasonable. Reasonableness is generally a question for the jury "unless the reasonableness or unreasonableness of the procedure is beyond question." *Sarver,* 390 F.3d at 971. Here, the record reveals that Kroll included on plaintiff's report information it had already confirmed to be incorrect (Doc. 70-9 at 6). The record further suggests that Kroll reported this discovery to Experian (Doc. 70-9; Doc 70-5, Ex. C at 2). Despite the information from Kroll, plaintiff's dispute letter, and after conducting its own investigation, Experian continued to report this information on plaintiff's report. The reasonableness of defendants' procedures which may have resulted in the reporting of inaccurate information therefore remains a question for the jury and summary judgment is not available.

The Court **FINDS** that plaintiff has offered sufficient evidence to raise a genuine issue of material fact with regard to causation. The Notice of Action documents provided by Farmers

State Bank directed to plaintiff indicate that "[Farmers is] regrettably unable to approve

[plaintiff's] request." (Doc. 70-6, Ex. D at 2.) The only reason indicated is "derogatory credit

showing on credit report." (Doc. 70-6, Ex. D at 2.) The document then references the report

provided by Kroll containing derogatory information provided by Experian. Because there are

genuine issues of material fact remaining with regards to causation, the issue remains one for the

jury's determination and summary judgment is not available on the substantive claims in Count

I.        With respect to his claims for damages on Count I,  summary judgment is not

appropriate.  The Notice of Action sent by Farmers State Bank on September 30, 2004,  indicates

that the application for a fixed rate loan was denied to plaintiff due to "derogatory credit" on his

credit report. (Doc. 70-6, Ex. D at 6.) There is no other account listed on the credit report which

shows late payments or any accounts relating to a bankruptcy. (Doc. 70-7, Ex. E at 4.) The report

was generated after plaintiff notified Kroll and Experian that he believed there was an error on

his report and after Experian and Kroll finished their investigations. Thus, there is at least some

evidence supporting plaintiff's contention that he was denied a loan by Farmers State Bank due

to defendants' actions.

Additionally, plaintiff seeks to recover for emotional damages in Count I.   Plaintiff's

affidavit details specific physical and emotional harm caused by the problems he experienced

with Experian and Kroll. (Doc. 70-2 at 4.)  Plaintiff's wife's affidavit further details specific

emotional problems of plaintiff she observed and believes were directly related to plaintiff's

frustration resulting from his inability to have defendants remove the erroneous account from his

credit report. (Doc. 70-8 at 1-4.)

Plaintiff has submitted evidence that he suffers from Post Traumatic Stress Disorder and

that his dealings with defendants have caused significant irritation of this condition. (Doc. 70-2 at 1).  Plaintiff has, therefore,  satisfied the higher requirements of *Sarver* which would allow him to pursue his claim for emotional damages. *Sarver,* 390 F.3d at 971.

    2.    <u>Count II Claims – Willful Violation of the Fair Credit Reporting Act</u>

In Count II plaintiff seeks punitive damages for willful violations of the FCRA. "To act willfully, a defendant must knowingly and intentionally violate the FCRA, and it must also be conscious that its act impinges on the rights of others." *Wantz,* 386 F.3d at 834.  Plaintiff has offered no evidence to support the conclusion that defendants intentionally violated the FCRA and were conscious their acts impinged on the rights of others.  Plaintiff has introduced evidence that Experian is aware of "re-aging" of accounts, but failed to produce evidence that Experian encouraged such behavior or that Experian acted with the intent of violating the FCRA.

Moreover, plaintiff concedes in its response to Kroll's motion for summary judgment that "Experian should bear the damages for this outrageous set of circumstances." (Doc. 71 at 2.) Although plaintiff later contends that Kroll failed to screen information it knew to be false, this claim falls far short of demonstrating that Kroll intended to violate the FCRA.  Plaintiff has, therefore, not made a showing that a genuine issue of material fact exist that there was willful violation by the defendants of the FCRA, and the defendants are entitled to judgment on this claim.

**CONCLUSION**

Therefore, the Court **GRANTS** in part and **DENIES** in part defendants' motions for summary judgment.   The motions are **DENIED** with respect to plaintiff's claims in Count I, negligent violations of the Fair Credit Reporting Act, and **GRANTED** with respect to plaintiff's

claim in Count II, willful violation of the Fair Credit Reporting Act.


**IT IS SO ORDERED.**

**DATED:   May 12, 2006.**


**s/ WILLIAM D. STIEHL**
**DISTRICT JUDGE**