# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL ALLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CIVIL NO. 04-817-WDS |
| | ) |
| KROLL FACTUAL DATA CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## O R D E R

**STIEHL, District Judge:**

This matter is before the Court on plaintiff's twelve motions in limine (Docs. 84-95), to which plaintiff has filed responses. Upon review of the record, the Court rules as follows:

1. Kroll's general motions in limine (Doc. 84), in which Kroll seeks to:

    A. Limit any evidence of settlement or settlement negotiations;

    B. Exclude witnesses until they testify; and

    C. Limit evidence of the fact that the defendant may be insured.

Plaintiff has no objection to this motion, and it is, accordingly, **GRANTED**.

2. Kroll's motion to limit plaintiff's testimony about causation (Doc. 85). In this motion, defendant seeks to bar plaintiff from mentioning, during opening, closing, voir dire or the examination of witnesses,[1] any cause of his alleged denial of credit. Defendant asserts that plaintiff has not, pre-trial, produced a document or testimony that establishes the actual reason for the denial of credit. The defendant asserts that any testimony by plaintiff as to causation

---

[1] The Court will conduct all of the voir dire.

would be speculative and prejudicial to the defendant.

In response, plaintiff asserts that this was addresses in his response to the motion for summary judgment on Count 1, the count that remains for trial, and given that the Court ruled that he can seek emotional damages, his understanding of causation is relevant and admissible. Although the plaintiff cannot, as a non-expert, testify as to the reason that he was denied credit, he can testify as to his understanding of why he was denied credit and the effect that denial had on him financially and emotionally. It is up to the jury to determine if the actions of this defendant caused Farmer's State Bank to deny plaintiff credit, and whether plaintiff suffered damages therefrom.

Accordingly, defendant's motion in limine on this ground is **DENIED**.

3. Motion to preclude plaintiff or plaintiff's counsel from arguing or presenting evidence that Kroll will "do anything that the big three (Experian, TransUnion or Equifax) reporting companies tell it to do."

Plaintiff is entitled to argue and draw the jury's attention to reasonable inferences which can be drawn from the evidence adduced at trial. Plaintiff asserts, and can attempt to show at trial, that although he disputed the incorrect bankruptcy information with Kroll and Kroll verified that the information was obsolete, Kroll nevertheless reported the information from the Experian database when providing a credit report on plaintiff. If this showing and connection are made, then plaintiff may be permitted to argue to the jury that Kroll favored the accuracy of the information it received from the reporting companies, despite indications to the contrary.

Plaintiff's counsel will not be permitted to make this argument before some evidence in support of this position is established at trial, and therefore, the motion is **GRANTED** to the

extent that it applies to opening statements and **DENIED** at this time as to all other aspects of the trial. The defendant may renew this motion before closing arguments if the evidence does not support such an argument.

4. Motion to exclude evidence and testimony regarding any prior violations of the Fair Credit Reporting Act (Doc. 87). The plaintiff has indicated that he does not object to this motion and it is, accordingly, **GRANTED**.

5. Motion to bar plaintiff from using documentary evidence not previously disclosed (Doc. 88). Plaintiff has indicated that he does not object to this motion and it is, accordingly, **GRANTED**.

6. Motion to bar plaintiff from suggesting non-economic damage amounts (Doc. 89). In this motion, the defendant seeks to preclude counsel from arguing a specific dollar amount of non-economic damages. In support of the motion, Kroll cites to a number of non-Seventh Circuit opinions which preclude a plaintiff from arguing for a specific amount of this type of damages. In light of the fact that there is no such prohibition in the Seventh Circuit, defendant's motion is **DENIED**.

7. Motion to bar evidence regarding the relative size and/or financial strength of the parties (Doc. 90). Plaintiff has indicated that he does not object to this motion and it is, accordingly, **GRANTED**.

8. Motion to bar arguments urging the jury to "send a message" or to punish the defendant (Doc. 91). Plaintiff has indicated that he does not object to this motion and it is, accordingly, **GRANTED**.

9. Motion to limit evidence regarding damages after October 6, 2004 (Doc. 92).

Plaintiff has indicated that he does not object to this motion and it is, accordingly, **GRANTED**.

10.  Motion to limit plaintiff from testifying about the reason that he stopped making payments on his Sears account (Doc. 93). The defendant asserts that plaintiff is likely to testify that in 1995 or 1996 he received a notice from an unidentified lawyer that plaintiff was a member in a class action lawsuit against Sears and that the debt had not been properly reaffirmed and was forgiven. The defendant asserts that this evidence is inadmissible and specious. Plaintiff asserts that the evidence would not be admitted to try to establish that plaintiff did not owe on the Sears account, but to show that he reasonably believed that he did not have to pay on that account and how that impacted his claim for emotional damages.

In light of the fact that the testimony will not be offered to prove the truth of the matter asserted, that is that he did not owe, but rather to show that he *believed* that he did not owe on this account, the Court will permit this testimony, but will allow defense counsel to propose a limiting instruction on this evidence. In addition, the defendant may cross examine plaintiff as to the validity of his belief, and the basis for that belief.

Accordingly, defendant's motion in limine on this ground is **DENIED**.

11.  Motion to exclude plaintiff from testifying as to the purported cause of any credit denial (Doc. 94). This motion is very similar to the motion in limine at Doc. 85. In this motion, the defendant also seeks to prevent plaintiff from testifying as to what Farmers State Bank told him with respect to the denial of his loan applications. The Court agrees that this would be inadmissible hearsay, however, as stated above, plaintiff may testify as to his understanding of why he was denied credit, not to the specifics of what someone at the Bank may have told him about that denial. Defendant's motion in limine is, accordingly, **DENIED**.

12.  Motion to exclude evidence or testimony regarding plaintiff's economic damages (Doc. 95).  This motion seeks to limit evidence that plaintiff suffered lost opportunity damages, damages resulting from credit denials that occurred before he notified Kroll of his dispute, and any other type of economic damages allegedly caused by Kroll.  Defendant asserts that plaintiff is not seeking economic damages, only emotional damages.   In the final pre-trial order, the parties have agreed that there are no economic damages sought by plaintiff.  In light of the fact that plaintiff has not filed a response to this motion in limine, and the agreements in the Final Pre-Trial Order, the Court **GRANTS** defendant's motion.  Plaintiff will not be permitted to introduce evidence or argue that he is entitled to economic damages.

In light of the status of the pleadings in this case, and the difficulties counsel have had in following the Court's directions in the preparation of jury instructions, it is clear that this case is not ready for trial.  Accordingly, the Court, *sua sponte*, continues this case for trial.  Counsel for plaintiff is directed to file a second amended complaint on or before July 31, 2006, after giving consideration to the Court's rulings.  Counsel for both parties are reminded that this case is being tried in the Southern District of Illinois, which is located in the Seventh Circuit, and not in the Eastern District of Missouri which is located in the Eighth Circuit.

Jury instructions are due on or before September 1. 2006.  The Court will set the new trial date for this case at a later date.

**IT IS SO ORDERED.**

**DATED:   July 19, 2006.**

                                           **s/ WILLIAM D. STIEHL**
                                               **DISTRICT JUDGE**